UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| BERNARD BRANCH, | ) |
| Plaintiff, | ) Case No. 1:06-cv-704 |
| v. | ) Honorable Robert Holmes Bell |
| M. MALONE, et al., | ) |
| Defendants. | ) **MEMORANDUM OPINION** |

In this civil rights action, plaintiff challenges his classification by Michigan prison authorities as a homosexual predator. After plaintiff protested the classification, he was granted an administrative hearing before a departmental hearing officer, who upheld the designation. As a consequence, plaintiff was reclassified to a higher security level. In his *pro se* complaint, he raises claims of an Eighth Amendment violation, a due-process violation, and unconstitutional retaliation. By report and recommendation issued on October 6, 2006, Magistrate Judge Joseph G. Scoville determined that plaintiff had failed to state a claim upon which relief could be granted and recommended dismissal. Plaintiff has filed timely objections to the report and recommendation, which the court reviews *de novo*. See FED. R. CIV. P. 72(b).

Although plaintiff lists eight separate objections, they fall into three distinct categories. Objections 1 through 4 assert that plaintiff has established a viable due-process claim, because he has a liberty interest in his prison classification and defendants failed to follow proper procedures. Objection no. 7 asserts that defendants have subjected him to cruel and unusual

punishment, and objection 8 is in support of his retaliation claim. Upon *de novo* review, the court finds that plaintiff's objections lack merit.

First, it is clear beyond doubt that plaintiff has no liberty interest in his prison classification. The Supreme Court rejected such a proposition over thirty years ago. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *accord Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Plaintiff cites *Howard v. Grinage*, 6 F.3d 410 (6th Cir. 1993), for the proposition that Michigan prisoners have a liberty interest in their security level classification. The *Howard* case did indeed find a liberty interest arising from mandatory language in the Michigan Administrative Code. 6 F.3d at 412-13. *Howard*, however, was effectively overruled by *Sandin v. Conner*, 515 U.S. 472 (1995). *Sandin* instructed that a state regulatory scheme does not create a liberty interest merely because the regulations incorporate mandatory language. Apart from any mandatory language in a regulation, the plaintiff must also prove that he suffered restraint which imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidence of prison life." *Sandin*, 515 U.S. at 484. Relying on *Sandin*, the Sixth Circuit has held that a Michigan prisoner can no longer claim a liberty interest in his security classification. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995);[1] *accord Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997). Furthermore, the Sixth Circuit has specifically held that a prisoner does not have a liberty interest arising from designation as a homosexual predator. *See Washington v. Wiest*, No. 97-1289, 1998 WL 466555, at * 2 (6th Cir. July 31, 1998); *O'Quinn v. Brown*, No. 92-2183, 1993

---

[1] *Rimmer-Bey* was written by Judge Krupansky, the same Circuit Judge who authored *Howard v. Grinage* two years earlier.

WL 80292, at * 1 (6th Cir. Mar. 22, 1993). Plaintiff's assertion of a liberty interest in his security classification or designation as a homosexual predator is therefore inarguable.

Plaintiff also asserts that the process afforded to him in administrative proceedings and at his prison hearing were inadequate under *Wolff v. McDonnell*, 418 U.S. 539 (1974). This argument misses the point. The procedures dictated in *Wolff* presuppose the existence of an underlying liberty or property interest. In *Wolff*, the Court imposed minimal due-process requirements for prison hearings that result in the deprivation of a liberty interest, such as good-time credits: "But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimal procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff*, 418 U.S. at 557. The Court did not say in *Wolff* or any other case that all prison hearings must conform to minimal due-process standards. The states are only required to afford due process before depriving a person of life, liberty, or property. As shown above, plaintiff has no such interest in his security classification or designation as a homosexual predator. Plaintiff's due-process claims must therefore be rejected.

Plaintiff's Eighth Amendment and retaliation claims require little attention. The Eighth Amendment's proscriptions against cruel and unusual punishment are contravened only by the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Eighth Amendment proscribes only the infliction of pain or the deprivation of the "minimal civilized measures of life's necessities." *Rhoades v. Chapman*, 452 U.S. 337, 347-49 (1981). Plaintiff's allegations, accepted as true, do not fall remotely within the ambit of an Eighth Amendment

violation. Plaintiff's allegations of retaliation are also wanting. Plaintiff asserts that he was engaged in "battles" with unnamed members of the "medical team" and that the classification came in retaliation thereto. As the magistrate judge correctly pointed out, the Health Unit Manager, against whom plaintiff filed a grievance, was not named as a defendant in this action. Plaintiff's conclusory allegations of retaliatory motive by persons against whom the grievance was not filed are insufficient.

For the foregoing reasons, the court concludes that the complaint fails to state a claim upon which relief can be granted and must be dismissed.

Date:   November 28, 2006           /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE